IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOE K. RICHARDS, )
)
    Plaintiff, )
)
v. ) Case No. CIV-16-1326-R
)
JUDGE LEWIS, et al., )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge David L. Russell for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, the Court finds Plaintiff's Complaint should be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) because his claims are not cognizable under 42 U.S.C. § 1983.

**I.**     **Plaintiff's Claims**

Plaintiff is currently incarcerated at the Jackie Brannon Correctional Center due to a conviction he received in Comanche County, Oklahoma. The defendants are two judges, Judge Lewis[1] and Judge Steve Lyle, as well as Robert Schulte, who is identified as a district attorney. Compl. 2-3 [Doc. No. 2].[2] Plaintiff contends two non-defendant police officers "targeted" him because he was an African-American in a Camaro. *Id.* at 5. Plaintiff asserts he was questioned without his Miranda rights having been read to him and his vehicle was searched without a search

---

[1] Plaintiff does not identify Judge Lewis' first name.

[2] Page references are to the CM/ECF page number.

warrant. *Id.* Plaintiff takes issue with the fact the proceedings against him "were allowed to continue" despite such error. *Id.* at 6. As a result of the alleged violations of law, Plaintiff seeks release from incarceration. *Id.* at 5.

## II.     Standard for Dismissal

Where, as here, a prisoner is proceeding in forma pauperis against an officer or employee of a governmental entity, the court must review the Complaint as soon as practicable. 28 U.S.C. § 1915A(a). As part of such review, the court must dismiss the case if, at any time, the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). A claim is frivolous under § 1915 if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III.    Analysis

### A. Plaintiff Seeks Relief Unavailable in a Section 1983 Action

The only stated relief sought by Plaintiff is release from incarceration. Compl. 5. Immediate release is not available in a civil rights action brought pursuant to 42 U.S.C. § 1983. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("A prisoner may use § 1983 to challenge the *conditions* of his confinement, but habeas corpus is the only avenue for a challenge to the *fact* or *duration* of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.") (emphasis in original); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus."); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact

2

or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.") (citation omitted). Therefore, because Plaintiff only seeks his release from incarceration, he does not present a cognizable claim under 42 U.S.C. § 1983. As such, the claims should be dismissed as frivolous and for failure to state a claim.[3]

**B. Defendants Enjoy Eleventh Amendment Immunity**

Although Plaintiff only seeks release from prison, even if Plaintiff sought monetary relief from defendants, such relief is barred because the defendants are immune from suit. "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). The defendants were each sued in their official capacities only. Compl. 2-3. Therefore, the Eleventh Amendment does not permit any of the defendants to be sued because they are arms of the state. With regard to Defendant Schulte, district attorneys are considered state officers in Oklahoma, thus claims for damages are barred by the Eleventh Amendment.[4] *See Arnold v. McClain*, 926 F.2d 963, 965-66 (10th Cir. 1991); *see also* 19 Okla. Stat. § 215.30(B) (employees of district attorneys are "state officers or employees for all purposes"). Defendants Lewis and Lyle, as state

---

[3] Plaintiff may have brought this as a Section 1983 action because he has filed two Section 2254 habeas corpus actions, both of which were dismissed as time-barred. *See Richards v. Booher*, CIV-01-1324-M, Order [Doc. No. 5] (W.D. Okla. Sept. 21, 2001); *Richards v. Dist. Court of Comanche Cty.*, CIV-13-149-M, Order [Doc. No. 15] (W.D. Okla. May 1, 2013).

[4] Defendant Schulte would enjoy immunity even if Plaintiff sued Defendant Schulte in an individual capacity because Plaintiff did not make any allegations against him that were outside of his prosecutorial role. *See Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.")

3

judges, are also considered state officers and are likewise immune from suit under the Eleventh Amendment.[5] *See Gradle v. Oklahoma*, 203 F. App'x 179, 183 (10th Cir. 2006) (unpublished) (dismissing case against Oklahoma district court judge on the basis of Eleventh Amendment immunity); *Jackson v. Loftis*, 189 F. App'x 775, 777 (10th Cir. 2006) (unpublished) (finding an Oklahoma special district judge was a state employee rather than a county employee). Therefore, even if Plaintiff had sought monetary relief, dismissal would be proper on the basis of Eleventh Amendment immunity.[6]

## RECOMMENDATION

For the reasons stated, it is recommended that Plaintiff's Complaint be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) because his claims are not cognizable under 28 U.S.C. § 1983. It is further recommended that the dismissal count as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by January 31, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to

---

[5] If Plaintiff would have sued the judges in their individual capacities, absolute judicial immunity would bar the lawsuit. *See Mireles v. Waco*, 502 U.S. 11-12 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages" that can be overcome only if the actions are taken outside the judge's judicial capacity or if the actions were taken in the complete absence of all jurisdiction); *see also Quintana v. Adair*, No. 16-7029, 2016 WL 7228806, at *2 (10th Cir. Dec. 14, 2016) (unpublished); *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008).

[6] Plaintiff alleges that these actions occurred in 1998. *See* Compl. 5. Therefore, it is likely that the statute of limitations would bar suit even if the defendants were not immune.

4

this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 10th day of January, 2017.

                                                             BERNARD M. JONES
                                                             UNITED STATES MAGISTRATE JUDGE